UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELVIN JACKSON,

           Plaintiff,

                       5:16-cv-00647

v.

                       (GLS/TWD)

JOHN GUNSALUS, et al.,

           Defendants.
_____

APPEARANCES:

KELVIN JACKSON
Plaintiff, *pro se*
157 Parkway Dr.
Syracuse, New York 13207

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

    The Clerk has sent this *pro se* complaint to the Court for review. (Dkt. No. 1.) Plaintiff commenced this action under 42 U.S.C. § 1983, naming the City of Syracuse, the Syracuse Police Department, and four members of the Syracuse Police Department as Defendants. *Id.* Generally, Plaintiff alleges he was subjected to excessive force during his arrest in violation of his civil rights and New York State tort law. *Id.* at ¶¶ 4-5. Plaintiff seeks monetary damages for his pain, suffering, and mental anguish. *Id.* at ¶ 6.

**I.  SCREENING OF THE COMPLAINT**

    Having previously found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis* (Dkt. No. 4), the Court must consider the sufficiency of the allegations

set forth in the complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual

allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**II.     COMPLAINT**

Plaintiff alleges that Syracuse Police Officers John Gunsalus and William Lashomb used excessive force during an arrest. (Dkt. No. 1. at ¶ 4.) Specifically, Plaintiff alleges that Defendant Gunsalus struck Plaintiff in the face and body with a closed fist, causing facial contusions. *Id*. Plaintiff further alleges that Defendant Lashomb struck Plaintiff in the back, which led to multiple fractures. *Id*. Plaintiff also brings supervisory liability claims against Defendants Sergeant Michael Smith and Chief Frank Fowler. *Id*. Lastly, Plaintiff names the

Syracuse Police Department and the City of Syracuse as Defendants because they are the entities that employ Defendants Gunsalus, Lashomb, Smith, and Fowler. *Id.*

## III. ANALYSIS

### A. Police Officers in their Official Capacities

Plaintiff seeks monetary damages from Defendants "as Police Officers and in [their] Individual capacity." *Id.* To the extent that Plaintiff's complaint can be construed to raise claims against Defendants Gunsalus, Lashomb, Smith, and Fowler in their official capacities for violations of the Fourth Amendment, such claims cannot stand.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).

Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as a claim against the municipality," and, thus, cannot stand under the Eleventh Amendment. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008).

Accordingly, the Court recommends that all claims against Defendants Gunsalus, Lashomb, Smith, and Fowler in their official capacities be dismissed with prejudice and without leave to amend.

### B. Gunsalus and Lashomb

"The Fourth Amendment protects individuals from the government's use of excessive force when detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (citing *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999)). "When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively reasonable 'in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)) (punctuation omitted). Among the most relevant facts and circumstances are (1) the severity of the crime allegedly committed; (2) the threat of danger to the officer and society; and (3) whether the suspect was resisting or attempting to evade arrest. *Thomas*, 165 F.3d at 143. Reasonableness is generally a question of fact. *See McKelvie v. Cooper*, 190 F.3d 58 (2d Cir. 1999).

Plaintiff alleges that Defendants Gunsalus and Lashomb subjected him to excessive force during his arrest. (Dkt. No. 1 at ¶ 4.) Specifically, Plaintiff alleges that Defendant Gunsalus struck Plaintiff in the face and body with a closed first, causing facial contusions. *Id*. Plaintiff also alleges that Defendant Lashomb struck Plaintiff on the back, which lead to multiple fractures. *Id*.

Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, *Sealed Plaintiff*, 537 F.3d at 191, the Court recommends that Plaintiff's § 1983 claims for excessive force and assault and battery against Defendants Gunsalus and

5

Lashomb be found to survive initial review and require a response.[1] In so recommending, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.[2]

### C. Smith and Fowler

Plaintiff brings a supervisory liability claim against Defendants Smith and Fowler. (Dkt. No. 1 at ¶ 4.) Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official, a mere linkage to the unlawful conduct through the chain of command (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam).

---

[1] Although Plaintiff fails to allege the date of his arrest, such information can be ascertained through discovery. The Court recommends exercising supplemental jurisdiction over Plaintiff's state law claims against Defendants Gunsalus and Lashomb pursuant to 28 U.S.C. § 1367(a).

[2] Because Plaintiff does not include the date of his arrest, the Court is unable to discern whether or not Plaintiff's § 1983 claims for excessive force and assault and battery would be barred by the applicable statute of limitations. *Owens v. Okure*, 488 U.S. 235, 251 (1989) (statute of limitations on § 1983 claims to which New York law applies is three years); N.Y. C.P.L.R. § 215(3) (McKinney 2006) (an action for assault and battery shall be commenced within one year).

In other words, supervisory officials may not be held liable merely because they held positions of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). Rather, supervisory personnel may be considered personally involved if they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted).

Here, Plaintiff claims that Defendant Sergeant Smith engaged in "nonfeasance," failed to properly investigate the "circumstances," and did not fill out the "use of force report properly." (Dkt. No. 1 at ¶ 4.) Plaintiff alleges Chief Fowler was responsible for "over seeing this misconduct" and failed to "reprimand[]" the individual officers. *Id*.

Based on the foregoing, the Court finds that Plaintiff has failed to alleged facts plausibly stating a supervisory liability claim under § 1983 against Defendants Smith or Fowler and recommends dismissal of those claims without prejudice and with leave to amend.

### D. City of Syracuse

Plaintiff names the City of Syracuse as a Defendant. *Id*. "To establish liability under 42 U.S.C. § 1983 against a municipality . . . a plaintiff must show that the claimed constitutional violation resulted from a municipal custom or policy." *Ahern v. City of Syracuse*, 411 F. Supp. 2d 132, 139 (N.D.N.Y. 2006). An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question;

(3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett– Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

"Custom denotes persistent and widespread practices, and thus proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ." *Ahern*, 411 F. Supp. 2d at 139 (punctuation and citation omitted).

A local government entity's alleged failure to train its employees creates liability under § 1983 only "[i]n limited circumstances." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Indeed, a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id*. The "stringent standard" of deliberate indifference applies to failure-to-train claims. *Id*.

In order to prevail, the plaintiff must demonstrate that the municipality was "on actual or constructive notice that a particular omission in [its] training program causes . . . employees to violate citizens' constitutional rights [and] the policymakers chose to retain that program." *Id*. (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.*

Here, Plaintiff does not allege facts plausibly suggesting a custom or policy. Rather, Plaintiff simply brings this action against the City of Syracuse "for it being the entity these officers of the law work for." (Dkt. No. 1 at ¶ 4.)

Based upon the foregoing, the Court finds that Plaintiff has failed to state a municipal liability claim under § 1983 against the City of Syracuse and recommends dismissal of the claim without prejudice and with leave to amend.

### E. Syracuse Police Department

Plaintiff names the Syracuse Police Department as a Defendant. *Id*. However, a municipal police department is not susceptible to suit under § 1983. *La Grande v. Town of Bethlehem Police Dept.*, No. 1:08-CV-0738 (LEK/DRH), 2009 WL 2868231, at *2 (N.D.N.Y. Sept. 1, 2009[3]); *Davis v. Lynbrook Police Dept.*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (internal citations omitted). "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Walker v. U.S. Marshalls*, No. 08-CV-959 (JG)(AKT), 2009 WL 261527, at *2 (E.D.N.Y. Feb. 4, 2009) (quoting *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); *see also Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases).

Here, Plaintiff's § 1983 claim against the Syracuse Police Department, which has no legal, separate identity apart from the City of Syracuse, is not plausible. Therefore, the Court recommends dismissal of the claim with prejudice and without leave to amend.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that the complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** against Defendants Gunsalus, Lashomb, Smith, and Fowler in their official capacities; and it is further

---

[3] The Court will provide Plaintiff with copies of unpublished decisions in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76, 76 (2d Cir. 2009) (per curium).

**RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** against Defendant Syracuse Police Department; and it is further

**RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** against Defendants Smith, Fowler, and the City of Syracuse; and it is further

**RECOMMENDED**, that this action be allowed to proceed against Defendants Gunsalus and Lashomb in their individual capacities on Plaintiff's § 1983 claims for excessive force and assault and battery, and that Defendants, or their counsel, be required to file a response as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

**RECOMMENDED** that in the event the District Court allows Plaintiff to file an amended complaint, he be instructed that any amended complaint be a complete pleading that supersedes his original complaint in all respects (and does not incorporate by reference any portion of his original complaint), and that he not attempt to reassert any claims that have been dismissed with prejudice by the District Court; and it is hereby

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs*., 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: June 24, 2016
      Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge

2009 WL 2868231
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Quentin LA GRANDE, Plaintiff,
v.
TOWN OF BETHLEHEM POLICE
DEPARTMENT, et al., Defendants.

No. 1:08–CV–0738 (LEK/DRH).
|
Sept. 1, 2009.

**Attorneys and Law Firms**

Quentin La Grande, Albany, NY, pro se.

Nannette R. Kelleher, Bailey, Kelleher Law Firm, Albany, NY, for Defendants.

*DECISION AND ORDER*

LAWRENCE E. KAHN, District Judge.

*1 Plaintiff *pro se* Quentin La Grande ("Plaintiff" or "La Grande") commenced the instant action against Defendants Robert Helligrass[1], Stephen Kraz[2] and the Town of Bethlehem Police Department (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. Complaint (Dkt. No. 1). Presently before this Court is Defendants' Motion to dismiss (Dkt. No. 13) and Plaintiff's Motion for summary judgment (Dkt. No. 12). For the following reasons, Defendants' Motion to dismiss is granted and Plaintiff's Motion for summary judgment is denied.

**I. BACKGROUND**

According to Plaintiff, "[o]n April 1, 2008 I was threaten by Patrol Officer William Craz. Patrol Officer called me a 'Nigger,' and also threaten to cause bodily harm to me. On April 2, 2008 I met with Seargent R.J. Helliergrass and was interogated, and racial harrassed. On or about April 5, 10, 15, May 6, 8, 10, 15, and June 6, 2008, I have been followed by the Bethlehem Police Department." Compl. at 2. Plaintiff's jurisdictional statement asserts that the Complaint is being brought pursuant to 42 U.S.C. § 1983. *Id.* at 1.

In lieu of filing an answer, on March 11, 2009, Defendants filed the Motion to dismiss presently before the Court. Mot. to Dismiss (Dkt. No. 13). Plaintiff also filed a Motion for summary judgment on February 24, 2009, which is now before the Court. Mot. for Sum. Judg. (Dkt. No. 12).

**II. DISCUSSION**

**A. Defendants' Motion to Dismiss**

**a. Standard of Review**

In order to withstand a motion to dismiss, "a [pleading] must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A party must plead with such factual detail so as to sufficiently " 'nudge [ ][its] claims ... across the line from conceivable to plausible.' " *Iqbal,* 129 S.Ct. at 1950–51 (quoting *Twombly,* 550 U.S. at 570). While stating a claim does not require the recitation of detailed factual allegations, it does, however, require facts sufficient to state a claim to relief that is *prima facie* plausible. *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). The Court must accept the allegations in the well-pleaded complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and draw all inferences in favor of the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1973); *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 154 (2d Cir.2006); *King v. Am. Airlines, Inc.,* 284 F.3d 352, 356 (2d Cir.2002).

In assessing the legal sufficiency of the Complaint, the Court is mindful that La Grande is a *pro se* litigant and his submissions are subject to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999); *see Hemphill v. New York,* 380 F.3d 680, 687 (2d Cir.2004) (" 'It is well-established that 'when a plaintiff proceeds *pro se* the court is obligated to construe his pleadings liberally,

particularly when they allege civil rights violations' ") (quoting *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004)). However, a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir.1983).

**b. Analysis**

*2 Defendants move to dismiss Plaintiff's Complaint in its entirety pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.[3] Mot. to Dismiss (Dkt. No. 13) at 1. Defendants specifically argue that all causes of action against the Town of Bethlehem Police Department must be dismissed as it is not a legal entity subject to suit under 42 U.S.C. § 1983 and further that Plaintiff's entire Complaint should be dismissed for failing to state a cause of action. *Id.* at 4.

**i. Town of Bethlehem Police Department**

The Town of Bethlehem moves to dismiss Plaintiff's Complaint on the ground that it is not susceptible to suit under 42 U.S.C. § 1983. While a municipality may be susceptible to suit under 42 U.S.C. § 1983, a municipal police department is not. *See Walker v. Waterbury Police Dep't.,* 08–cv–959 (JG)(AKT), 2009 U.S. Dist. LEXIS 7933, at *5, 2009 WL 261527 (E.D.N.Y. Feb. 4, 2009). "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Id.* (citing *Hall v. City of White Plains,* 185 F.Supp.2d 293, 303 (S.D.N.Y.2002)). Accordingly, claims asserted under 42 U.S.C. § 1983 will be dismissed against a municipality's police department. *See Walker,* 2009 U.S. Dist. LEXIS 7933, at *5, 2009 WL 261527 (internal citation omitted); *see also Baker v. Willett,* 42 F.Supp.2d 192, 198 (N.D.N.Y.1999).

Here, Plaintiff has sued the Town of Bethlehem Police Department along with two individual officers of the department. *See generally* Compl. Plaintiff's Complaint asserts that it is brought pursuant to 42 U.S.C. § 1983 and does not provide any other basis for the claims. *Id.* at 1. Since the Bethlehem Police Department cannot be sued pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint is dismissed as against the Town of Bethlehem Police Department.

Even assuming *arguendo* that Plaintiff's claims against the Town of Bethlehem Police Department can be construed as a claim against the Town of Bethlehem, Plaintiff's Complaint would still be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In order to state a cause of action for municipal liability under 42 U.S.C. § 1983, "a plaintiff must allege that the municipality has adopted a custom or policy which is the moving force behind the [alleged constitutional violation]." *Zappala v. Albicelli,* 980 F.Supp. 635, 649 (N.D.N.Y.1997). A municipality cannot be held liable on the basis of *respondeat superior* and "a single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." *Campanaro v. City of Rome,* 999 F.Supp. 277, 281 (N.D.N.Y.1998); *see also Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993).

Plaintiff's Complaint is devoid of any allegations that the Town of Bethlehem had a policy or custom of violating constitutional rights, nor does plaintiff allege or even allude that the Town was deliberately indifferent to his constitutional rights. The complete failure to plead such warrants dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails to state a cause of action for which relief can be granted under 42 U.S.C. § 1983. *See Campanaro,* 999 F.Supp. at 281; *Dwares,* 985 F.2d at 100.

**ii. Defendants Kraz and Helligrass**

*3 La Grande's Complaint alleges that between April and June 2008, he was "racially harassed," "threatened" and "interrogated" by Defendants Kraz and Helligrass, two officers of the Bethlehem Police Department. Compl. at 2. Specifically, La Grande alleges that on multiple occasions the officers addressed him with a racial epithet and followed him through town. *Id.* It is well settled in this Circuit that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse." *Murray v. Pataki,* No. 9:03–cv–1263, 2007 U.S. Dist. LEXIS 26959, at *22, 2007 WL 956941 (N.D.N.Y. Mar. 29, 2007) (Kahn, J.) (quoting *Gill v. Hoadley,* 261 F.Supp.2d 113, 129 (N.D.N.Y.2003)) (collecting cases). "[V]erbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable

under 42 U.S.C. § 1983." *Murray,* 2007 U.S. Dist. LEXIS, at * 22 (quoting *Moncrieffe v. Witbeck,* 2000 U.S. Dist. LEXIS, at *3, 2000 WL 949457 (N.D.N.Y. June 29, 2000)); *see also Zeno v. Cropper,* 650 F.Supp. 138, 141 (S.D.N.Y.1986) ("vile and abusive language ... no matter how abhorrent or reprehensible cannot form the basis for a § 1983 claim) (internal citation and quotation omitted). Further, "threats do not amount to violations of constitutional rights." *Murray,* 2007 U.S. Dist. LEXIS, at *23 (quoting *Malsh v. Austin,* 901 F.Supp. 757, 763 (S.D.N.Y.1995)).

In this case, Plaintiff's claim for verbal harassment in the form of racial slurs and threats is not actionable under § 1983 and, therefore, fails to state a claim entitled to relief. Compl. at 2.

**B. Plaintiff's Motion for Summary Judgment**
Even assuming *arguendo* that this Court did not grant Defendants' Motion to dismiss, Plaintiff's Motion for summary judgment would still be denied. Under the Local Rules, *"all* motions ... require a memorandum of law, supporting affidavit, and proof of service on all the parties." N.D.N.Y. L.R. 7.1(a) (emphasis added). "All memoranda of law shall contain a table of contents and, wherever possible, parallel citations." *Id.* at 7 .1(a)(1). Further "[a]ny motion for summary judgment shall contain a Statement of Material Facts ... *Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." Id.* at 7 .1(a)(3) (emphasis in original).

Here, not only did the Plaintiff fail to submit a memoranda of law in support of his Motion for summary judgment and an affidavit but he also failed to submit a Statement of Material Facts. In fact, in his Motion for summary judgment filed on February 24, 2009, Plaintiff explicitly stated, "I will provide this Court with a 'Law Memorandum' in support of my motion; such will contain applicable law, and case law. I will submit this to the Court on or before March 6, 2009." Mot. for Sum. Judg. at 1. To date, this Court has nor received said memorandum of law. While this Court recognizes Plaintiff's *pro se* status, he has failed to comply with *all* of the Local Rules. *See Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir.1983) (a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law"). Accordingly, Plaintiff's Motion for summary judgment is denied for failing to comply with the relevant rules of procedure. *See, e.g.,* N.D.N.Y. L.R. 7.1(a), 7.1(a)(3).

**C. Amended Complaint**
 *4 Plaintiff also moves to amend his Complaint. Response (Dkt. No. 27). While *pro se* litigants are generally afforded wide latitude and an opportunity to amend, a District Court need not permit an amendment to a Complaint where it would be futile. *See Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that although leave to amend should be freely given where justice so requires, a district court need not grant leave if amendment would be futile); *Acito v. Imcera Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995).

Here, Plaintiff's Complaint does not state any viable causes of action under 42 U.S.C. § 1983. Further, Plaintiffs Complaint does not state which, if any, of his constitutional rights were violated by Defendants nor does it plead any facts to establish municipal liability. Plaintiff's Complaint also does not plead any facts supporting his allegations that he was "racially harassed," "threatened" or "interrogated." Since, as the Court discussed above, none of the complained of actions provides the basis for a cognizable cause of action, leave to cure these defects would be futile. These deficiencies may have been excusable, albeit not cureable, had this Court not previously informed Plaintiff of the requirements for pleading a cause of action under 42 U.S.C. § 1983 against a municipality. *See La Grande v. Albany Police Dep't,* 1:07–CV–757 (Dkt. No. 4). [4] Given that leave to amend would be futile, this Court denies Plaintiff's request.

**III. CONCLUSION**
Based on the foregoing, it is hereby

**ORDERED,** that Defendants' Motion to dismiss (Dkt. No. 13) is **GRANTED in its entirety;** and it is further

**ORDERED,** that Plaintiff's request to amend his Complaint (Dkt. No. 27) is **DENIED;** and it is further

**ORDERED,** that Plaintiff's Motion for summary judgment (Dkt. No. 12) is **DENIED in its entirety;** and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 2868231

Footnotes

1   Incorrectly named in the Complaint as "R.J. Helliergrass." *See generally* Complaint (Dkt. No. 1).
2   Incorrectly named in the Complaint as "William Craz." *See generally* Complaint.
3   Defendants argue, alternatively, that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e) and for failing to adhere to Rule 8(a) of the Federal Rules of Civil Procedure. The Court need not address these arguments as it is dismissing Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).
4   Notably, Plaintiff has also filed numerous Complaints in the Northern District, many of which include assertions of civil rights violations and racial discrimination or harassment, wherein Plaintiff has been granted leave to amend his complaints. Plaintiff has filed eleven suits in the Northern District since 2000, including the instant matter. In fact, on May 12, 2008, Chief United States District Judge Norman A. Mordue entered an order enjoining Plaintiff from filing any further actions or pleadings in this district without the prior permission of the Chief Judge. Dkt. No. 6. This Order was entered based on a record of vexatious and frivolous pleadings previously filed by La Grande.

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2009 WL 261527
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Thomas WALKER IV, Plaintiff,
v.
U.S. MARSHALS, Waterbury Police Department, and 7th/6th Precincts, Suffolk County Police Department, Mastic/Selden NY, Defendants.

No. 08-CV-959 (JG)(AKT).
|
Feb. 4, 2009.

**Attorneys and Law Firms**

Thomas Walker, IV, Riverhead, NY, pro se.

Carmody & Torrance LLP, by: Howard K. Levine, New Haven, CT, for Defendant Waterbury Police Department.

### MEMORANDUM AND ORDER

JOHN GLEESON, District Judge.

*1 Plaintiff Thomas Walker IV, currently incarcerated in the Suffolk County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, claiming that various police department officials violated his Eighth Amendment right against cruel and unusual punishment by denying him medical treatment. Walker is seeking "adequate medical attention for those after me"; appointment of a special prosecutor to investigate the misconduct of Suffolk County law enforcement agencies; $5,000,000 in damages; and appropriate consequences for each offending officer. Defendant Waterbury Police Department ("WPD") moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6) as well as 28 U.S.C. § 1915A(b). For the reasons stated below, the motion is granted.

### BACKGROUND

The following facts are drawn from the plaintiff's complaint, filed March 3, 2008, and are assumed to be true for the purposes of this motion.

On November 26, 2007, Walker was arrested in the parking lot of his apartment in Waterbury, Connecticut by U.S. Marshals, police detectives from the 6th and 7th precincts of Suffolk County Police Department and police officers from the Waterbury Police Department. He was taken to the Waterbury Police Department, where he was placed in a room for questioning. When Walker asked to speak with a lawyer, the detectives with whom he was speaking left the room. Later, the detectives returned to speak with Walker and promised him that if he made a written statement, he would be released from jail like his co-defendant.[1]

Upon being brought to the police department, Walker had begun to feel nauseated and dizzy. While being questioned by the detectives, he vomited and dry-heaved several times into a garbage can. Walker told the detectives that he had never felt this way before and requested that he be taken to a hospital for medical attention. The detectives promised Walker that he could see a doctor only if he "helped" them by signing a confession. After signing a statement, Walker was placed in a cell but did not receive medical treatment until the following day, when he was admitted to Walker Correctional Facility, where his blood pressure was monitored for three days.

### DISCUSSION

A. *The Legal Standard for a Motion to Dismiss*
Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g., Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,* 507 F.3d 117, 121 (2d Cir.2007) (citing *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007)).

*2 While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant " 'fair notice of what the ... claim is and the

grounds upon which it rests,' " *Erickson,* 127 S.Ct. at 2200 (quoting *Twombly,* 127 S.Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly,* 127 S.Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard' " under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir.2007) (emphasis omitted) (interpreting *Twombly* ). The Second Circuit's subsequent decision in *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir.2008), however, strongly suggests that *Twombly* does not significantly alter the lenient, notice-focused standard used to assess the complaint of a *pro se* litigant. *Id.* at 213-14. *Boykin* noted that after *Twombly,* the Supreme Court's decision in *Erickson* addressed the sufficiency of a *pro se* plaintiff's pleading under Federal Rule of Civil Procedure 8(a). Relying on *Erickson,* the *Boykin* court concluded that "departure from Rule 8(a)'s liberal pleading standard was particularly unwarranted" where the complaint was filed *pro se:* " 'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Boykin,* 521 F.3d at 214 (quoting *Erickson,* 124 S.Ct. at 2200).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated in it by reference; (3) matters of which judicial notice may be taken; or (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

B. *WPD's Motion to Dismiss*
The Waterbury Police Department moves to dismiss Walker's complaint on the ground that it is not susceptible to suit under 42 U.S.C. § 1983.

A municipality is subject to suit pursuant to 42 U.S.C. § 1983. See *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). A municipal police department, however, is not because it is a sub-unit or agency of the municipal government, which fulfills the municipality's policing function. "Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains,* 185 F.Supp.2d 293, 303 (S.D.N.Y.2002); *see also Kamholtz v. Yates County,* No. 08-CV-6210, 2008 WL 5114964, at *8-9 (W.D.N.Y. Dec. 3, 2008) (dismissing claims against the Yates County Sheriff's Department on the ground that a municipality's police department is not subject to suit because it is considered an administrative unit of the county); *Jones v. Waterbury Police Dep't,* No. 3:04CV2137, 2005 WL 1185723, at *2 (D.Conn. May 12, 2005) (dismissing all § 1983 claims against Waterbury Police Department "[b]ecause a municipal police department is not an independent legal entity"); *Nicholson v. Lenczewski,* 356 F.Supp.2d 157, 164 (D.Conn.2005) (collecting cases); *Baker v. Willett,* 42 F.Supp.2d 192, 198 (N.D.N.Y.1999) ("A police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity."); *Willard v. Town of Hamburg,* No. 96-CV-0187E(H), 1996 WL 607100, at *1 (W.D.N.Y. Sept. 30, 1996) (dismissing claims against the police department and the town board because they do not "exist separate and apart from the Town and [they] do not have their own legal identities").

*3 Because Walker asserts claims against WPD, an entity that is not amenable to suit under 42 U.S.C. § 1983, all claims against the WPD are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) ("[T]he court shall ... dismiss the complaint, or any portion of the complaint, if the complaint-is frivolous, malicious, or fails to state a claim upon which relief may be granted"). See also 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-is frivolous or malicious").

Dismissal of the claims against WPD begs the question whether Walker's claims should be construed as being brought against the city of Waterbury. *See Sheikh v. City of New York, Police Dep't,* Nos. 03-CV-6326, 05-CV-4718, 2008 WL 5146645, at *10 n. 12 (E.D.N.Y. Dec. 5, 2008) (construing claims brought against the New York Police Department and Department of Corrections as claims against the City of New York); *Manning v. County of Westchester,* 93-Civ-3366, 1995 WL 12579, at *2 (S.D.N.Y. Jan. 5, 1995) (removing the Westchester County Police Department as a named defendant because

the County of Westchester was the real party in interest and was already a named defendant).

To prevail on a § 1983 claim against a municipality for acts committed by its police officers, a plaintiff must (1) prove the existence of a municipal policy or custom that caused his injuries, *Monell,* 436 U.S. at 694, and (2) establish a "causal link" between the official policy or custom and the alleged civil rights violation, *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983). On a motion to dismiss, to satisfy the first prong of the test, Walker must allege the existence of one of the following:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Jones v. Westchester County Dep't of Corr. Med. Dep't,* 557 F.Supp.2d 408, 417 (S.D.N.Y.2008) (internal quotation marks omitted).

Construing his *pro se* complaint liberally, *see Erickson,* 124 S.Ct. at 2200, I conclude that Walker's complaint cannot plausibly be read to allege a policy or custom that would support municipal liability on the part of the City of Waterbury. Rather, the allegations are directed at the municipal practices of Suffolk County and its detectives. Specifically, Walker, who refers to the Waterbury "police" and Suffolk County "detectives," consistently describes the individuals who interrogated him and allegedly coerced a confession from him as "detectives." In addition, Walker devotes considerable space in his complaint to his broad-ranging allegations that Suffolk County has a history of police misconduct: "I have reviewed the history of Suffolk County and ... according to ... officials and non-officials ... Suffolk detectives miraculously obtained confessions in almost every case they investigated.... I request that the appointment of a special prosecutor look into the misconduct of the Suffolk County law enforcement agencies." Compl. 2-3. Accordingly, I conclude that Walker's allegations do not and cannot state a claim for municipal liability against the City of Waterbury. Thus, I do not construe his claims against WPD to be claims that should be properly brought against the City of Waterbury.

## CONCLUSION

 *4 For the reasons stated above, WPD's motion to dismiss is granted.

So ordered.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 261527

Footnotes

1   There is nothing else in the record before me about a co-defendant in Walker's case.

**End of Document**　　　© 2016 Thomson Reuters. No claim to original U.S. Government Works.