UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELVIN JACKSON,

                                Plaintiff,                  5:16-cv-00647 (BKS/TWD)

v.

JOHN GUNSALUS, as police officer of Syracuse Police
Department and in individual capacity; and WILLIAM
LASHOMB, as police officer of Syracuse Police
Department and in individual capacity,

                                Defendants.
_____

**Appearances:**

Kelvin Jackson
Syracuse, NY 13205
*Plaintiff pro se*

Khalid Bashjawish
City of Syracuse Corporation Counsel
300 City Hall
233 East Washington Street
Syracuse, NY 13202
*For Defendants*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff pro se Kelvin Jackson brings this action under 42 U.S.C. § 1983 alleging that

Defendants subjected him to excessive force in violation of the Fourth Amendment. (Dkt. No. 8,

at 4). Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil

Procedure on the ground that, because Plaintiff was convicted of resisting arrest, *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), bars his excessive force claim.[1] (Dkt. No. 97). Plaintiff opposes Defendants' motion. (Dkt. No. 108). For the reasons discussed below, Defendants' motion is denied.

## II.     FACTS[2]

On June 9, 2013, at approximately 2:00 a.m., Defendants "observed a disturbance being caused by Plaintiff inside of Acropolis Pizza located at 167 Marshall Street in the City of Syracuse." (Dkt. No. 97-8, ¶ 1; Dkt. No. 108, ¶ 1). The parties dispute what happened next. Defendants assert that they entered Acropolis Pizza and "advised Plaintiff he was under arrest." (Dkt. No. 97-8, ¶ 2). Plaintiff claims that "[w]hen the [Defendants] entered the establishment there were no words they went into action with excessive force." (Dkt. No. 108, ¶ 2). According to Defendants, "Plaintiff actively resisted Defendants' efforts" to place him under arrest. (Dkt. No. 97-8, ¶ 3). Defendants and Plaintiff both admit that there was a struggle. Defendants assert that after the struggle they "were able to place Plaintiff in handcuffs." (Dkt. No. 97-8, ¶ 4). Plaintiff claims that the struggle was due to Defendants' use of excessive force. (Dkt. No. 108, ¶ 4).

Plaintiff alleges that Defendant Gunsalus "punched [him] in [his] face several times" during Plaintiff's arrest "causing contusions to [his] head along with swelling to [his] eyes." (Dkt. No. 8, at 3). Plaintiff asserts that Defendant Lashomb punched him "in the back along with using his knees, kneeing [Plaintiff] in [his] back area." (*Id.*). Plaintiff alleges that he "was beaten

---

[1] Defendants served Plaintiff with a "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" in accord with Local Rule 56.2. (Dkt. No. 97-10).

[2] The facts are drawn from Defendants' statement of material facts (Dkt. No. 97-8) and the attached exhibits, Plaintiff's response thereto (Dkt. No. 108), and the verified amended complaint (Dkt. No. 8). Although Plaintiff failed to provide a "specific citation to the record" for the facts he asserts in his response to the Defendants' statement of material facts, in accord with Local Rule 7.1(a)(3), those factual disputes are immaterial to the resolution of this motion.

by these officers to the point where [he] became unable to breath [sic]," and that he suffered "fractures in [his] back." (*Id.*).

Plaintiff was charged with the crimes of disorderly conduct, resisting arrest, and trespass, in violation of N.Y. Penal Law §§ 240.20, 205.30 and 140.05, respectively. (Dkt. No. 97-8, ¶¶ 5–6). A jury convicted Plaintiff of disorderly conduct and resisting arrest. (*Id.* ¶ 7).

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323-24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Moreover,

where a plaintiff proceeds pro se, the Court must read his submissions liberally and interpret them "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## IV. DISCUSSION

Defendants argue that because Plaintiff was convicted of resisting arrest, *Heck* bars his excessive force claim. (Dkt. No. 97-9, at 3). In *Heck*, the Supreme Court held:

> [I]n order [for a state prisoner] to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87. The Court continued:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would *necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (first emphasis added, second in original). As a general matter, however, it is "well established that an excessive force claim does not usually bear the requisite relationship under *Heck* to mandate its dismissal." *McGrew v. Holt*, No. 13-cv-792, 2015 WL 736614, at *4, 2015 U.S. Dist. LEXIS 20231, at *9 (N.D.N.Y. Feb. 20, 2015) (quoting *Smith v. Fields*, No. 95-cv-8374, 2002 WL 342620, at *4, 2002 U.S. Dist. LEXIS 3529, at *13–14 (S.D.N.Y. Mar. 4, 2002)). The Second Circuit has explained that "[u]nlike malicious prosecutions, many violations

4

of constitutional rights, even during the criminal process, may be remedied without impugning the validity of a conviction," noting that when, for example, "a suspect sues his arresting officer for excessive force, a § 1983 suit may proceed even if the suspect is ultimately convicted of resisting arrest." *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014).

Here, Plaintiff's § 1983 action rests on whether Defendants used excessive force in violation of the Fourth Amendment during his arrest on June 9, 2013. (Dkt. No. 8, at 3–4). The Fourth Amendment protects individuals from excessive force by police officers during an arrest. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether the force used by an arresting officer was excessive is determined by an objective balancing test where "the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests" is weighed "against the countervailing governmental interests at stake." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). At least three factors guide the determination: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Tracy*, 623 F.3d at 96.

Defendants argue that Plaintiff's conviction for resisting arrest is "incompatible with the claim of excessive force" raised here, but fail to explain how. Defendants have submitted trial transcripts from the state court trial. (Dkt. Nos. 97-6; 109–110). However, there is nothing in that record suggesting that, in order to find Plaintiff guilty of the crime of resisting arrest, the jury had to find facts incompatible with his claim of excessive force. The trial court instructed the jury that "[i]n order for you to find [Plaintiff] guilty of this crime, the People are required to prove from all the evidence that you have heard beyond a reasonable doubt both of the following two elements: One, that on June 9th, 2013 at 167 Marshall Street in the City of Syracuse, . . .

5

Kelvin Jackson, prevented, or attempted to prevent a police officer from affecting an authorized arrest of himself; and, Number 2, that he did so intentionally.")). (*See* Dkt. No. 110, at 16–17). Thus, in finding Plaintiff guilty, the jury only determined that he "intentionally prevent[ed] . . . a police officer or peace officer from effecting an authorized arrest of himself or another person." N.Y. Penal Law § 205.30. As such, a finding that the Defendants used excessive force during the arrest would not necessarily "imply the invalidity of his conviction or sentence" for resisting arrest. *Heck*, 512 U.S. at 487; *see Adams v. O'Hara*, No. 16-cv-527, 2018 U.S. Dist. LEXIS 124524, at *22 (N.D.N.Y. July 24, 2018)[3] (finding *Heck* did not bar the plaintiff's excessive force claims, explaining that "courts have found that a conviction for assault would not necessarily preclude an excessive force claim against the responding officers, because the fact that plaintiff assaulted an officer does not preclude a reasonable jury finding that the force used during the incident, or after the incident, was excessive under the circumstances"), *report and recommendation adopted*, 2018 WL 4590015, 2018 U.S. Dist. LEXIS 163944 (N.D.N.Y. Sep. 25, 2018); *Casey v. Brockley*, No. 13-cv-01271, 2018 WL 1399244, at *5, 2018 U.S. Dist. LEXIS 26880, at *13 (N.D.N.Y. Feb. 16, 2018) (explaining that *Heck* did not bar the plaintiff's excessive force claim "[b]ecause it is possible for a fact finder to accept the validity of Plaintiff's disciplinary convictions and still conclude that Defendants used excessive force"), *report and recommendation adopted*, 2018 WL 1393787, 2018 U.S. Dist. LEXIS 44194 (N.D.N.Y. Mar. 19, 2018). Accordingly, *Heck* does not bar Plaintiff's excessive force claim.

V. **CONCLUSION**

For these reasons, it is hereby

---

[3] No Westlaw cite available.

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 97) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 28, 2018
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge